UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|      ) | |
|      Plaintiff, ) | |
|      ) | |
| v.     ) | Case No. 4:21 CR 00595 HEA/SPM |
|      ) | |
| DEREK ROCKETTE, ) | |
|      a/k/a "Rock," ) | |
|      a/k/a "Bald Head," ) | |
|      a/k/a "Diezel," ) | |
| CHRISTIAN ALONSO GUTTIERREZ ) | |
|      a/k/a "Gucci," ) | |
| OSCAR DAVID RICO-ARAUJO ) | |
|      a/k/a "Barbas," ) | |
| FRANCISCO RAMIREZ ) | |
|      a/k/a/ "Pancho," ) | |
| CARLOS DANIEL ALFARO-ZATARAIN ) | |
|      a/k/a "Architect," ) | |
|      a/k/a "Daniel," ) | |
| MANUEL ENRIQUE VALDES-PRADO, ) | |
|      a/k/a "Kike," ) | |
|      a/k/a "Lic," ) | |
| NORMA CORINA ARMENTA- ) | |
| LIZARRAGA, ) | |
| JIAN ZHONG FANG, ) | |
| YUEDE ZHENG, ) | |
|      a/k/a "Kim,"   and ) | |
| WAI MING MAK, ) | |
|      ) | |
|      Defendants. ) | |

**UNITED STATES' MOTION FOR COMPLEX CASE FINDING AND
TO CONTINUE TRIAL DATE BEYOND LIMITS SET BY THE SPEEDY TRIAL ACT**

Comes now the United States of America by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and James C. Delworth, Assistant United States Attorney for said District, and requests the Court, pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(i) and (ii), to make findings that: (1) the case is so unusual

or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (2) that the failure to grant a continuance to determine whether and what pretrial motions should be filed in the proceeding would result in a miscarriage of justice.

The United States, in support of its motion, states as follows:

1. This case involves a long-term drug conspiracy in which 2 defendants are named in a conspiracy to distribute and possess with the intent to distribute controlled substances as well as a long-term money laundering conspiracy in which all of the defendants are named. The multi-agency, multi-jurisdictional investigation took place over the course of more than three years.

2. The United States estimates that the trial in this case could last approximately three weeks depending upon the number of defendants electing to proceed to trial. A more accurate estimate can be made when the number of defendants electing to go to trial has been determined.

3. The discovery in this case is voluminous and involved consensual monitoring. Many of the defendants were intercepted during the course of the consensual monitoring. The United States also extensively utilized other court-authorized surveillance such as precision location surveillance, pen registers, etc. Discovery concerning these materials is also voluminous. The discovery in this case will include hundreds of pages of documents and reports, financial records, wiretap intercepts, various consensually recorded conversations and a number of arguably suppressible events that occurred during the course of the investigation.

4. The United States has been working on the investigation for some time and would be prepared to try this case within the time limits set forth under the Speedy Trial Act. However, the United States recognizes that in light of the number of defendants, the nature of the conspiracy charge, and the amount of discovery, it is unreasonable to expect the defense to have adequate

preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

5. Additional time would likely assist defendants and defense counsel in fully reviewing discovery, preparing for trial and/or completing plea negotiations with the United States.

6. Pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and (B)(i) and (ii), and for all the foregoing reasons, the United States requests this Court to make specific findings that the trial of this matter should be continued past the limits established by the Speedy Trial Act because the ends of justice served by continuing this case outweigh the best interest of the public and the defendants in a speedy trial, the case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings, and the failure to exclude this period would likely result in a miscarriage of justice.

WHEREFORE, the Government requests that the Court make such findings, set a motion deadline and an evidentiary hearing consistent with the complexity of the case, and order the time elapsed between any motion waivers and trial setting excluded from Speedy Trial Act calculation pursuant to Title 18, United States Code, Sections 3161(h)(7)(A), (B)(i), and (B)(ii).

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ James C. Delworth*
JAMES C. DELWORTH, #29702MO
Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200
James.Delworth@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record for each defendant.

                                          */s/ James C. Delworth*
                                          JAMES C. DELWORTH, #29702MO
                                          Assistant United States Attorney