UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21CR00595 HEA |
| JIAN ZHONG FANG, | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree as follows:

**1. PARTIES**

The parties are the defendant Jian Zhong Fang, represented by defense counsel Justin Gelfand, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the incident regarding defendant's laundering of money on September 17, 2018, as detailed in this plea agreement, and of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, pursuant to the guilty plea to Count II, to forfeit to the United States all property subject to forfeiture under the applicable statute.

3. **ELEMENTS**

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 1956, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) Beginning at an unknown time, but including 2017 and through the date of the Indictment, within the Eastern District of Missouri, the defendant and his co-defendants, and/or other persons known and unknown to the government, reached an agreement or came to an understanding to launder money by engaging in a financial transaction with money derived from drug trafficking, knowing the money came from an illegal source, with the purpose of concealing the ownership, source and nature of the funds; and

2

(b) That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and

(c) That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement.

4. **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning at a time unknown but encompassing the dates in the indictment, defendant Jian Zhong Fang conspired with others to launder money, to wit: to engage in financial transactions, involving funds derived from an illegal source, drug trafficking, knowing that the funds were derived from an illegal source, to disguise and conceal the true ownership and/or source of the funds.

Co-defendant Rockette was the leader of a drug trafficking organization distributing large amounts of controlled substances including fentanyl. The controlled substances were often fronted to co-defendant Rockette such that he would pay for the drugs sometime after the drugs were delivered to him. Co-defendant Rockette accumulated a large debt for the payment of drugs delivered to him. On September 17, 2018, co-defendant Rockette made arrangements to have a large amount of U.S. currency, constituting drug proceeds, delivered to a confidential source in St. Louis, Missouri. The money was to be transported to Chicago, Illinois where it would be delivered

as partial payment of the drug debt. The confidential source was in telephone contact with both co-defendant Rockette as well as co-defendant Ramirez regarding the delivery of the money.

Upon arrival in Chicago, the confidential source, working with law enforcement officers, spoke with co-defendant Ramirez. A short time later, the confidential source received a text message from co-defendant Ramirez with the phone number for defendant Fang along with the serial number of a dollar bill to be utilized as a code during the exchange. Approximately one minute later, the confidential source received a call from co-defendant Ramirez who asked the confidential source to let him know when the money had been delivered. The confidential source, utilizing the phone number provided by co-defendant Ramirez, texted defendant Fang with the serial number and indicated that the confidential source needed an address. Defendant Fang texted back with the address: "1913 W 19th St., Chicago, IL 60616." The confidential source then received a second text from defendant Fang asking, "what time." The confidential source texted back: "Can u call .. or can I call?" The confidential source then received a call from defendant Fang and the two agreed to meet in 35 or 40 minutes. After some additional phone calls and text messages between the confidential source and defendant Fang, the confidential informant met defendant Fang and defendant Fang took custody of five sealed vacuumed bags of U.S. currency contained within two white plastic style bags. Defendant Fang placed the currency into his vehicle and departed the area. The confidential source had a subsequent telephone call with co-defendant Rockette confirming delivery of the drug proceeds. The total amount of drug proceeds from co-defendant Rockette delivered to defendant Fang was $250,000. The transaction was designed to conceal the source, ownership and nature of the currency.

Following the transaction, defendant Fang went to a hotel in Chicago. Law enforcement agents conducting surveillance observed defendant Fang leave the hotel with one of the two bags of currency. Law enforcement agents observed defendant Fang hand the bag to another subject in a surreptitious manner as they passed each other inside a band. The subject later deposited $46,440 in currency into his bank account.

5. **STATUTORY PENALTIES**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $500,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not more than three (3) years.

6. **U.S. SENTENCING GUIDELINES (2021 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

   a. **Chapter 2 Offense Conduct:**

      (1) **Base Offense Level:** The parties agree that the base offense level is level 18, as found in Section 2S1.1 and 2B1.1. The parties agree that the amount of money laundered by defendant Fang was $250,000.00.

      (2) **Specific Offense Characteristics:** The parties agree to the following with respect to the application of Specific Offense Characteristics:

5

(a) while the evidence would establish that defendant knew the money was derived from an illicit source, the government does not have evidence to establish that defendant knew or believed that the funds were the proceeds of the distribution of controlled substances.

(b) the parties agree that two levels should be added as the defendant is pleading guilty to an offense charged under Title 18, United States Code, Section 1956.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

(2) **Mitigating Role:** The parties disagree as to whether defendant was a minor or minimal participant in the criminal activity. Defendant may elect to argue for a mitigating role and the government will oppose any such argument.

c. **Other Adjustment(s)/Disputed Adjustments:** The parties are not aware of the application of any additional adjustments apply:

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 17.

**e. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable

Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the defendant within or above that range.

    **b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

  **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

  **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100.00, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and

9

further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

### 9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS

In pleading guilty, the defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond

10

a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

| | |
|---|---|
| 3/14/2023<br>Date | 53593 for J. Delworth<br>James C. Delworth<br>Assistant United States Attorney |
| 3/14/23<br>Date | Jian Zhong Fang<br>Defendant |
| 3/14/2023<br>Date | Justin Gelfand<br>Attorney for Defendant |

13